FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUNIOR DICK,<br><br>Defendant. | No. 2:26-CR-00031-TOR-1<br><br>ORDER MODIFYING CONDITIONS OF PRETRIAL RELEASE<br><br>**MOTION GRANTED IN PART**<br>**(ECF No. 30)** |

On August 4, 2026, the Court held a hearing to consider Defendant JUNIOR DICK's Motion to Modify Conditions of Release, **ECF No. 30**.  Defendant appeared out of custody represented by Assistant Federal Defender Justin Lonergan.  Assistant U.S. Attorney Michel Ellis represented the United States. U.S. Probation Officer Chris Heinen was also present.

Defendant, through counsel, made factual proffers and argued in favor of modifying the No Contact Condition set forth in ECF No. 21, Condition No. 9, with respect to the alleged victim, K.I.  **ECF No. 30**. Defendant argued he has done well on supervision and Defendant and K.I. wish to resume their relationship and to attend counseling together.

The United States concurred that Defendant has made positive progress on pretrial supervision but opposed the motion out of concern regarding Defendant and K.I. discussing the case, as well as continued concern regarding K.I.'s safety.

ORDER - 1

The Government proposed modifying the condition to allow Defendant and K.I. to have contact so long as it is supervised by one of Defendant's parents, as well as allowing the couple to attend therapy together, provided Defendant provides the appropriate waivers of confidentiality.

**IT IS ORDERED:**

1.    Defendant's Motion to Modify Conditions of Release, **ECF No. 30**, is **GRANTED IN PART.  <u>Condition No. 9 (regarding no contact) set forth in ECF No. 21 shall be modified as follows:</u>**

a.  Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. *Provided*, Defendant is permitted to have limited contact with, K.I., as follows:

    i.  Defendant and K.I. are permitted to have supervised social visits, up to five times per week for up to two hours per visit. Visits must be supervised by at least one of Defendant's parents, Mr. and/or Mrs. Dick.  Defendant shall provide advance notice to U.S. Probation prior to any visits.

    ii. Defendant and K.I. shall participate in an intake session with a licensed therapist and participate in any counseling deemed appropriate by the therapist following the assessment.  Defendant shall execute the appropriate

ORDER - 2

waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange, without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the treatment program. *It shall be the responsibility of defense counsel to provide such waivers.*

 iii. Defendant and K.I. may not discuss this case.

 2. All other terms and conditions of pretrial release set forth in ECF Nos. 21, 23, and 29 shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 10, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3